# EXHIBIT B

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 18-353A

John Filleti, PLAINTIFF(S),

v.

AOL Inc., DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO **AOL Inc.** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original response** with the Clerk's Office for Civil Business, Suffolk Sup. Court, 3 Pemberton Sq, Boston, MA 02108 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Fair Work, P.C. 192 South St, Ste 450, Boston, MA 02111

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest. Joseph P Casey
Deputy Sheriff Suffolk County
2-23-18

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on \_\_\_1/31\_\_\_, 2018.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20\_\_\_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20\_\_\_        Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1884CV00353 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: John Filleti vs. AOL Inc | | Michael Joseph Donovan, Clerk of Court |
| TO: | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                     **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/01/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 05/31/2018 | |
| All motions under MRCP 12, 19, and 20 | 05/31/2018 | 07/02/2018 | 07/30/2018 |
| All motions under MRCP 15 | 05/31/2018 | 07/02/2018 | 07/30/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 11/27/2018 | | |
| All motions under MRCP 56 | 12/27/2018 | 01/28/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/27/2019 |
| Case shall be resolved and judgment shall issue by | | | 01/31/2020 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 01/31/2018 | Norman W Huggins | (617)788-8175 |

Date/Time Printed: 01-31-2018 15:03:47   SCV026\ 11/2014

COPY

# COMMONWEALTH OF MASSACHUSETTS
# SUPERIOR COURT DEPARTMENT

SUFFOLK, SS.                                                              Civil Action No. 18-3533A

|  |  |
|---|---|
| JOHN FILLETI, | ) |
| Plaintiff | ) |
| v. | ) |
| AOL INC., | ) |
| Defendant | ) |

RECEIVED JAN 31 2018 SUPERIOR COURT-CIVIL MICHAEL J. DONOVAN CLERK/MAGISTRATE

## COMPLAINT AND JURY DEMAND

### Introduction

1.     This is an action for unpaid wages and benefits brought by John Filleti, a recruiter who worked for defendant AOL Inc. ("AOL"). AOL classified Mr. Filleti as an independent contractor, but he was an employee for purposes of the Massachusetts wage laws, pursuant to M.G.L. c. 149, § 148B, and common law. Plaintiff seeks resulting treble damages, interest, costs, and attorneys' fees. In addition, Mr. Filleti brings common law claims against AOL for breach of contract and promissory estoppel, because AOL made promises to him regarding his employment that it failed to honor, resulting in further harm.

### Parties

2.     Plaintiff John Filleti is an adult resident of Dedham, Massachusetts. He provided services to AOL in Massachusetts from April 2016 to November 2016, and again from April 2017 through June 2017.

3.     Defendant AOL Inc. ("AOL") is a foreign corporation with a regular place of business in Boston, Massachusetts.

## Facts

4. AOL employs thousands of people in states across the country, including Massachusetts. Among other positions, it employs recruiters to identify potential employees.

5. In or about early 2016, a senior recruiting official at AOL contacted Mr. Filleti to ask about his interest in working as a recruiter for AOL. Mr. Filleti then interviewed with AOL representatives. After the interviews, AOL extended an offer to Mr. Filleti to work as a full-time recruiter for an assignment of at least six months.

6. AOL gave Mr. Filleti instructions regarding his start date, his working location, and other details regarding his employment. He was issued an AOL badge, an AOL email address, an AOL laptop, and an AOL phone line. He was assigned a desk at AOL's office on Seaport Boulevard in Boston, where he worked under the supervision and control of AOL employees.

7. Although working directly at and for AOL, he was told that he would be paid through an AOL vendor and was directed to enter into a contract with the vendor. On information and belief, AOL played an active role in dictating key terms and conditions of that contract, with the twin objectives of (a) having Mr. Filleti provide recruiting services to AOL, while (b) attempting to shield AOL from liability as Mr. Filleti's employer.

8. Mr. Filleti was paid a flat rate per hour. Although he was pressured to report no more than 40 hours of work each week, he typically worked about 50 hours per week. On information and belief, AOL knew or should have known he was working far more than 40 hours per week.

9. Mr. Filleti was a non-exempt employee, entitled to one and one-half times his regular rate of pay for all hours worked over 40 in a week.

10. During the relevant times, AOL offered a valuable range of benefits to its employees, including both traditional benefits (such as paid time off) and more modern forms of benefits (such as discounts and other valuable amenities).

11. After Mr. Filleti's first stint at AOL, he worked as a recruiter for another company, King & Bishop (where he was classified as an employee), earning a flat rate per hour for regular hours and premium pay for overtime hours.

12. While at King & Bishop, Mr. Filleti was promised another position at AOL, which was expected to last, as with the prior assignment, for at least six months. Relying on that representation, he left his position at King & Bishop and returned to AOL.

13. Mr. Filleti repeatedly asked for a written contract to memorialize his engagement, and he repeatedly was put off. Ultimately, and through no fault of his own, he was terminated in late June 2017, about half-way through his expected engagement. Despite diligent efforts, he was unable to find replacement work during the next three months.

14. Mr. Filleti's services were performed in the usual course of AOL's business. Indeed, AOL had employees who performed recruiting services as part of their regular and ongoing duties.

15. During the time he was providing services to AOL, Mr. Filleti did not have an independently established business to provide recruiting services. On the contrary, he was expected to and did devote his full-time efforts to AOL.

16. Mr. Filleti's reliance on AOL was demonstrated, among other ways, by his period of unemployment after AOL terminated his position.

17. With respect to his time sheets, Mr. Filleti was instructed to not report all hours that he worked. Because he was relying on AOL's promise of future employment and was

otherwise subject to AOL's control, Mr. Filleti agreed to follow that instruction, even though it meant he was not getting paid for all of the hours he worked.

18.     Mr. Filleti was an employee of AOL, pursuant to M.G.L. c. 149, § 148B or Massachusetts common law (including, among other things, the common law of joint employment).

19.     Mr. Filleti filed a complaint with the Massachusetts Attorney General's Office and received permission to pursue a private right of action.

## COUNT I
## VIOLATION OF MASSACHUSETTS
## INDEPENDENT CONTRACTOR LAW

The plaintiff incorporates the above paragraphs. By misclassifying the plaintiff as an independent contractor instead of as an employee, the defendant violated M.G.L. c. 149, § 148B, resulting in harm to him, including a loss of the value of wages and benefits to which the plaintiff would have been entitled if he had been properly classified as an employee. This claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT II
## VIOLATIONS OF MASSACHUSETTS WAGE LAW

The plaintiff incorporates the above paragraphs. The defendant violated M.G.L. c. 149, § 148, by, among other things, failing to pay all wages to which the plaintiff would have been entitled is he had been properly classified as an employee. This claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT III
## VIOLATIONS OF MASSACHUSETTS OVERTIME LAW

The plaintiff incorporates the above paragraphs. The plaintiff was entitled to overtime pay for all hours worked over 40 each week. The plaintiff regularly worked more than 40 hours each week, but he did not receive the required overtime pay. As a result, the defendant violated M.G.L. c. 151, § 1A. This claim is brought pursuant to M.G.L. c. 151, § 1B.

## COUNT IV
## BREACH OF CONTRACT

The plaintiff incorporates the above paragraphs. As discussed above, the defendant violated its agreements to employ Mr. Filleti for an additional period of six months, causing him harm.

## COUNT V
## PROMISSORY ESTOPPEL

The plaintiff incorporates the above paragraphs. As discussed above, the defendant made promises to Mr. Filleti regarding his future employment at AOL, and Mr. Filleti reasonably relied on those promises to his detriment.

## JURY DEMAND

The plaintiff requests a trial by jury on all claims.

**WHEREFORE**, the plaintiff seeks judgment against the defendant as follows:

1. All damages to which the plaintiff is entitled under Massachusetts law;
2. Statutory trebling of damages as allowed by law, pursuant to M.G.L. c. 149, § 150 and M.G.L. c. 151, § 1B;
3. Attorney fees, costs, and interest as allowed by law; and
4. Such other and further relief as the Court may deem proper and just.

JOHN FILLETI,

By his attorneys,

*[signature]*

Stephen Churchill, BBO#564158
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
617-607-3260
steve@fairworklaw.com

Dated: January 29, 2018

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

SUFFOLK, SS.                                                              Civil Action No. 18-353A

| | |
|---|---|
| JOHN FILLETI, | ) |
|     Plaintiff | ) |
| v. | ) |
| AOL INC., | ) |
|     Defendant | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please identify the services or products provided by the department or division of the Defendant for which the Plaintiff provided services.

2. Please identify all employees of the Defendant with whom the Plaintiff had oral or written communications.

3. Please describe what services the Plaintiff provided to the Defendant.

4. Please identify all witnesses having or believed to have information relevant to the allegations in the Complaint or the Defendant' defenses.

5. Please identify the documents or categories of documents having information relevant to the allegations in the Complaint or the Defendant' defenses.

6. Please state what policies or procedures the Defendant have in place to reimburse their employees for business expenses.

7. Please state the basis for your position that the Plaintiff was not an employee of the Defendant within the meaning of the Massachusetts Wage and Overtime Laws.

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

SUFFOLK, SS.                                                        Civil Action No. 18-353A

|  |  |
|---|---|
| JOHN FILLETI, | ) |
| Plaintiff | ) |
| v. | ) |
| AOL INC., | ) |
| Defendant | ) |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1. All documents concerning the Plainitff, including information about any of his duties, work assignments, performance, hours, dates of service, e-mail accounts, identification or access cards, passwords, retention or termination, contracts, purchase orders, or other records.

2. All documents concerning services provided by the Plaintiff to the Defendant.

3. All orientation, onboarding, or training materials provided to the Plaintiff.

4. All documents concerning onboarding, orientation, or training provided to the Plaintiff.

5. All communications between the Plaintiff and the Defendant.

6. All documents concerning any credentials, accounts, or equipment provided to the Plaintiff.

7. All communications concerning the Plaintiff, excluding communications between the Defendant and their legal counsel.

8. All contracts between the Defendant and the Plaintiff.

9. All documents concerning the decision to outsource recruiters through TalEx or any other staffing company or entity.

10. All contracts between the Defendant and TalEx.

11. All documents concerning any compensation or benefits provided to the Plaintiff.

12. All documents concerning the duties of the Plaintiff.

13. All documents concerning the hours worked by the Plaintiff, including without limitation any schedules or time and attendance records.

14. All documents describing or reflecting any work performed by the Plaintiff.

15. All reports by or about the Plaintiff.

16. All employee handbooks or manuals of the Defendant.

17. All documents describing benefits provided by the Defendant to their employees.

18. All organization charts for the department or division of the Defendant for which the Plaintiff provided services.

19. All policies or procedures of the Defendant concerning reimbursement of business expenses.

JOHN FILLETI,

By his attorneys,

/s/ Stephen Churchill
Stephen Churchill, BBO#564158
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
617-607-3260
steve@fairworklaw.com

Dated: February 7, 2018

2

## **CERTIFICATE OF SERVICE**

I had a copy of the foregoing document served with the Complaint and Jury Demand, as more fully described in the Summons and Return of Service.

Dated: February 7, 2018

_____
Stephen Churchill